UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | : | Case No. 1:07cv1565 |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| JOHN SPARENGA, et al., | : | <u>ORDER</u> |
| Defendants. | : | |

Before the Court is *Plaintiff's Motion for Summary Judgment* (Doc. 19) in which Plaintiff seeks judgment for the relief sought in its *Complaint for Foreclosure with Reformation* ("Complaint") (Doc. 1). The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of East Cleveland, County of Cuyahoga and State of Ohio: and known as being Sublot No. 13 in Darius Adams Allotment of part of Original Euclid Township Lot No. 44 as shown by the recorded plat in Volume 9 of Maps, Page 28 of Cuyahoga County Records and being 40 feet front on the Southwesterly side of Collamer Avenue and extending back 153 feet, 2 inches on the Northwesterly line, 149 feet 11 inches on the Southeasterly line, and having a rear line of 40 feet 1 ½ inches as appears by said plat, be the same more or less, but subject to all legal highways.

During a status conference on August 15, 2007, counsel for Defendant John Sparenga indicated that he did not oppose the Motion for Summary Judgment.  As a result, with respect to Defendant John Sparenga, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment

and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.[1]

The Court finds that John Sparenga executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that John Sparenga executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note. The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken and the same have become absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $78,684.84 plus interest on the principal amount at the rate of 8.65% per annum from January 1, 2007. The

---

[1] The Complaint also names as Defendants Jane Doe, Unknown Spouse, if any, of John Sparenga, and Unknown Tenants. The docket reflects that these defendants were served (Docs. 5, 6), but Plaintiff has not sought to substitute named parties in their place. Plaintiff has also not sought to renew its application for entry of default as to these defendants after the Court denied the application as to all defendants when it granted Defendant John Sparenga's motion for leave to file an answer. During the status conference, counsel for both parties agreed that the Court should enter judgment and dismiss the action. Counsel for Sparenga, however, represents only Sparenga, not the unnamed parties, so the unnamed parties cannot be bound by his representation that he does not oppose the motion for summary judgment. Presumably, because the Court cannot grant default judgment against these unnamed parties (as no entry of default has occurred under Fed. R. Civ. P. 55(a)), and because the Court cannot grant summary judgment against them (as their time to respond has not yet expired), it was the intention of the parties that dismissal of the action would involve dismissal without prejudice of Plaintiff's claims as to these unnamed parties. The Court, therefore, **DISMISSES without prejudice** Plaintiff's claims as to Defendants Jane Doe, Unknown Spouse, if any, of John Sparenga, and Unknown Tenants.

Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against John Sparenga.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid, or unless a deed in lieu of foreclosure is transferred to Plaintiff, within ten (60) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code. Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution

in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**Dated: August 21, 2007**